AO 91 (Rev. 11/11)  Criminal Complaint

**Sealed**
*\*\*\* and unofficial staff access to this instrument are prohibited by court order.*

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
**FILED**

JUN - 6 2016

David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Edward Chukwu aka, Edward Nwachukwu | ) ) ) ) ) ) | Case No. **H16-840 M** |
| Defendant(s) | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __6-13-2011 until 9-1-2011__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 1546 | False Statement on an Immigration Document |

This criminal complaint is based on these facts:
See attached affidavit incorporated herein.

☐ Continued on the attached sheet.

*Complainant's signature*

SA Ramon Oyegbola, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6/6/16

*Judge's signature*

City and state: __Houston, Texas__    Dena Hanovice Palermo, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Affiant, Special Agent Ramon Oyegbola has been employed by the Department of Homeland Security, Homeland Security Investigations (HSI) since March 2003. Affiant is currently assigned to the Document and Benefit Fraud Task Force (DBFTF) within U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security (DHS). Affiant has investigated cases involving fraud, identity theft, and related "white collar" types of offenses. Affiant is authorized to obtain and execute Federal Arrest and Search Warrants. This Affidavit is made in support of a criminal complaint filed against Edward CHUKWU, Aka Edward Chijioke NWACHUKWU, Edward NWACHUKWWU, Edward Chijioke NWACHUKWWU; A210136865.

The information set forth in this Affidavit is based upon your Affiant's personal knowledge and/or information provided to Affiant by other law enforcement agents and officers, witnesses, bank investigators, and cooperating individuals Affiant believes to be reliable and credible.

Because this Affidavit is being submitted for the limited purpose of supporting a criminal complaint, Affiant has not included each fact concerning this investigation. Affiant has set forth only the facts believed to establish probable cause that **Edward CHUKWU** has committed violations of federal law.

1. On June 27, 2011, Mrs. Esmie CHUKWU filed with U.S. Citizenship and Immigration Services ("USCIS") a Petition for Alien Relative, Form I-130, for her husband Edward CHUKWU ("Mr. CHUKWU") in conjunction with Form I-485 Application to Register Permanent Residence or Adjust Status with preference classification of Immediate Relative (IR-6). At that time, Mrs. CHUKWU was a naturalized United States citizen.
On September 01, 2011, Mr. CHUKWU appeared before a USCIS officer, for an interview regarding his Application to Adjust Status (I-485). At the beginning of the adjustment of status interview, Mr. CHUKWU took an oath and affirmed that he would answer all questions truthfully and that all of the information provided in his application was true and correct. Edward Chukwu, using the name Edward Nwachukwu, was convicted of the felony offense of

1

attempt/obtaining property by deception in the United Kingdom on January 12, 1995, and sentenced to a term of 30 months imprisonment. On September 1, 2011, he made false statements on his application for an immigrant visa and his request to adjust to lawful permanent resident status by not disclosing that conviction or the alias name used.

2. Mr. CHUKWU knew that testimony he provided on his I-485 application and during the interview was false. Mr. CHUKWU willfully failed to disclose his criminal conviction in London, United Kingdom, which occurred prior to his entry into the United States. The USCIS officer interviewed Mrs. CHUKWU and her husband Mr. CHUKWU to determine Mr. CHUKWU's eligibility for lawful permanent residence (LPR). During the interview, Mr. CHUKWU and Mrs. CHUKWU provided inconsistent testimony regarding their biological child and marriage. In addition, Mr. CHUKWU failed to disclose his previous aliases that he used in the United Kingdom before he was arrested and convicted on June 21, 1996 in Snaresbrook Crown, London, United Kingdom.

3. These misrepresentations and material omissions by Mr. CHUKWU on his Application to Adjust Status (I-485) and during his adjustment of status interview were known to him as Mr. CHUKWU knew and was aware of his prior criminal record and also all the aliases he had used before he was convicted in London, United Kingdom. Mr. CHUKWU misrepresented and concealed the information of his criminal record from 1996 knowing his representations were false and misleading to the USCIS officer in order to gain immigration benefits.

4. On the Form I-485, Application to Register Permanent Residence or Adjust Status, Part 3. Processing Information, Part C. No. 1 states, "Have you ever in or outside the United States, (b) Been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations?" Mr. CHUKWU answered, "NO". Mr. CHUKWU's misrepresentations and concealment of his criminal record were material facts to determining his eligibility for lawful permanent residence because they would have had the natural tendency to influence the USCIS officer's decision whether to approve his I-485 application.

5. On December 15, 2009, Mr. CHUKWU fraudulently applied for and obtained four NIV visas under his assumed name. On June 18, 2011, Mr. CHUKWU completed and filed an Application to Register Permanent Residence or Adjust Status (Form I-485) with the Houston District Office of the U.S. Citizenship and Immigration Services ("USCIS"). The Form I-485 was filed in conjunction with the Form I-130 Petition for Alien Relative. On June 27, 2011, USCIS office received Mr. CHUKWU's I-130 and I-485 along with other supporting documentation.

6. Before final adjudication, USCIS referred the case to HSI DBFTF to further the investigation due to inconsistent information contained in Mr. CHUKWU's I-485 Application to Adjust Status, the documentary evidence Mr. CHUKWU provided in support thereof, and the testimony Mr. CHUKWU provided during his adjustment of status interview.

7. Mr. CHUKWU was inadmissible at the time of entry pursuant to section 245of the INA because at the time adjustment of status, the beneficiary had a prior felony conviction he failed to disclosed on Form I-485, Application to Register Permanent Residence or Adjust Status. On March 28, 2013, HSI Houston DBFTF received two pages of official court documents which clearly show the conviction and sentence associated with a/k/a Edward Chejeoke NWACHUKWU CRO number 147178/95V. In addition, HSI received a copy of Mr. CHUKWU's fingerprints card from Snaresbrook Crown Court Police Criminal Record Office number (CRO) in London. The CRO is equivalent to Federal Bureau of Investigation (FBI) number.

8. On May 08, 2013, USCIS requested for evidence and additional fingerprint cards to compare the photocopy of the fingerprint card received from London to support the aforementioned application. On April 4, 2013, Hampshire Constabulary Scientific Services Department in London received a copy of index fingerprints card from HSI Attaché in London to compare with CRO criminal arrest fingerprints t taken by law enforcement in London. The Hampshire Constabulary Scientific Department Scientific Department compared and found that both fingerprints were identical.

9. On May 14, 2013, HSI Houston DBFTF forwarded the sample description of fingerprints, Sample Components of known print card and photocopy from Snaresbrook Crown Court and requested the Department of Homeland Security, U.S. Customs and Border Protection (DHS/CBP) Laboratories and Scientific Services to compare and determine if both prints were made by the same person. On May 17, 2013, U.S.CBP Laboratories and Scientific Services provided results that the CHUKWU a/k/a NWACHUKWU fingerprints were all made by the same person.

10. Mr. CHUKWU procured his nonimmigrant visa through willful misrepresentation and concealment of material facts. Mr. CHUKWU willfully misrepresented and concealed material facts during his U.S. Department of State DS Form 156 nonimmigrant visa application and 157 Supplemental Nonimmigrant Visa Application.

11. On December 12, 2009, Mr. CHUKWU filed a Form DS-157 Supplemental Nonimmigrant Visa Application under the name of Edward Chukwu. The DS Form 157 Question 38, states, Important: ALL APPLICANTS MUST READ AND CHECK THE APPROPRIATE BOX FOR EACH ITEM: A visa may not be issued to persons who are within specific categories defined by law as inadmissible to the United States (except when a waiver is obtained in advance), Have you ever been arrested or convicted for any offense or crime, even though subject of a pardon, amnesty or other similar legal action? Mr. CHUKWU answered "NO".

Based on the facts outlined in the foregoing paragraphs, there is probable cause to institute criminal complaint pursuant to Section 18 U.S.C. § 1546(a), Fraud and misrepresentation; 18 U.S.C. 1015(a), Knowingly makes any false statement under oath, and 18 U.S.C 1001(a)(2) makes any materially false, fictitious, or fraudulent statement or representation.

Mr. CHUKWU's last known place of residence is 3205 McCulloch Circle, Houston, TX 77056.

Based upon the above, the undersigned believes there is probable cause to believe that Edward CHUKWU has committed crimes in violation of Title 18, United States Code, Section 1546(a).

_____
Ramon Oyegbola
Homeland Security Investigations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

Sworn and Subscribed to me this ___ June, 2016, and I find probable cause.

_____
DENA HANOVICE PALERMO
United States Magistrate Judge

5